

**OFFICE OF**
# THE ATTORNEY GENERAL
### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 24, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. Russell Graham
County Attorney
Kimble County
Junction, Texas

Opinion No. V-413

Re: Constitutionality of Sec-
tion 51, S. B. 172, 50th
Legislature, relative to
reckless driving of motor
vehicles.

Dear Sir:

You request from this Department a ruling on the constitutionality of Section 51, Article V of Senate Bill 172, 50th Legislature, the Act Regulating Traffic on Highways.

Section 51, Article V of the Act is as follows:

"Every person who drives any vehicle in willful or wanton disregard of the rights or safety of others or without due caution or circumspection, and at a speed or in a manner so as to endanger or be likely to endanger a person or property shall be guilty of reckless driving."

Section 143 of Article XVI of the Act makes it a misdemeanor for any person to violate any of the provisions of the Act unless such violation is by the Act or other laws of the State declared to be a felony.

In our Opinion No. V-202 this Department considered Senate Bill No. 172 and House Bill No. 140, the companion Bill, and in the course of the opinion we made general suggestions involving the question of constitutionality of some of the sections of the Act, among them being Section 54 which read as follows:

"Every person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving."

In our Opinion V-202, after having called attention to the provisions of Article I, Section 10 of our Constitution giving an accused ". . . the right to demand the nature and cause of the accusation against him . . ." and the provisions of Article 6, V.P.C., we said:

"The well recognized rule for construing a penal statute is, that if the statute is so indefinitely drawn, or if it is of such doubtful construction that it cannot be understood, either from the language in which it is expressed or from some written law of the State, it is invalid and void. Ex Parte Meadows, 109 S.W. (2d) 1061 (Tex. Crim. App. 1937)."

We then specifically called attention to Section 54 (above quoted), and concluded by saying:

"Based upon the above quoted authorities, we question the validity of the above mentioned sections from the standpoint of being definite. In the light of existing decisions on the subject it is our opinion that such sections should be made more definite and specific, and thereby eliminate the element of chance as to their constitutionality. By making such sections more definite and specific the Legislature will insure the constitutionality of same."

The Legislature, after receiving our opinion (V-202), changed Section 54 to Section 51 and added pertinent features which it otherwise did not contain.

As Section 51, Article V of the Act now stands we are unwilling to hold, in the light of the preceding decisions by our Court of Criminal Appeals and our Supreme Court, that the section is unconstitutional.

## SUMMARY

Sec. 51, Art. V., S. B. 172, Acts 50th Leg., 1947, which is the "reckless driving" provision of the Act Regulating Traffic on

Highways, is sufficiently definite to meet
constitutional standards and is valid.

                              Yours very truly

                    ATTORNEY GENERAL OF TEXAS

              By

                              Ocie Speer
                              Assistant


              By

                    Charles D. Mathews
                              Assistant

OS:CDM:jt


                    APPROVED:


                    FIRST ASSISTANT
                    ATTORNEY GENERAL